UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS D. MAYS,

      Plaintiff,

                                Case No. 2:15-cv-154

v.                                HON. GORDON J. QUIST

KEVIN HEMMILA, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Marcus D. Mays, a prisoner incarcerated at the Ionia Correctional Facility, filed this 42 U.S.C. § 1983 action against Defendants Hemmila, Minerick, Beesley, Niemi, Sohlden, Nagele, Waltanen, Bessner, Wartanen, Laplante, Hulkoff, Casper, and Oh. Defendants filed motions to sever based on misjoinder of parties and claims (ECF No. 32 and ECF No. 37).

Plaintiff's allegations arise from his confinement at the Baraga Correctional Facility. Plaintiff alleges that on November 28, 2012, Defendant Hemmila poisoned Plaintiff's food tray, causing Plaintiff to vomit blood and suffer stomach cramping. Defendant Hemmila slammed Plaintiff's food slot and stated "I really don't like that grievance you filed regarding my refusal to give you soap and toothpaste. . . . that's payback because of your pending law suit on coworkers Gill and Redinger."   Defendants assert that Plaintiff improperly joined unrelated claims in one cause of action. Defendants argue that only a single claim should proceed in this case and all other unrelated claims should be dismissed.

Plaintiff alleges that officer Jacobson refused to take Plaintiff's food tray. Defendant Hemmila returned to get Plaintiff's food tray and slammed Plaintiff's arm in the food slot.

Defendant Hemmila told Plaintiff that he would issue Plaintiff a food loaf ticket for writing grievances.  Plaintiff was given a misconduct ticket for refusing to give officer Jacobson the food tray.  On January 8, 2013, Plaintiff received a Class II misconduct ticket to cover-up the excessive force incident.  Plaintiff grieved Defendant Hemmila for slamming Plaintiff's arm in the food slot.  However, Plaintiff asserts that Defendant LaPlante retaliated against Plaintiff by stating that "Officer Hemmila never slammed Plaintiff's hand in the food slot."  Plaintiff was placed on modified grievance access.  These allegations are found in paragraphs 1 through 6 of Plaintiff's complaint.  Defendants argue that the above claims should be severed and that the remaining claims, and the claims asserted against the other Defendants, should be dismissed as misjoined in this complaint.

Starting at paragraph 7, Plaintiff complains that on August 15, 2013, Baraga staff moved Plaintiff from 2 block to 7 block.  Defendant Hemmila also moved to Plaintiff's new block.  Plaintiff tried to send out legal mail on August 22, 2013, but Defendant Hemmila told Plaintiff that "if Plaintiff continued to send out legal mail he would beat Plaintiff's ass and send Plaintiff back to the hole . . . . I don't like prisoners who file lawsuits on my coworkers."  Plaintiff alleges that on August 23, 2013, Defendant Hemmila and officer Waltenen were standing outside of Plaintiff's cell.  Plaintiff asked Defendant Hemmila why he continued to harass Plaintiff about legal mail.  Defendant Hemmila placed his hand on his taser gun and told Plaintiff that "if you continue to run your mouth I'm going to beat your fucking ass and send you back to the hole."  Plaintiff alleges that Defendant Hemmila spit in Plaintiff's face.  Plaintiff alleges that Defendant Hemmila took a swing at Plaintiff, so Plaintiff struck Defendant Hemmila.  Plaintiff was tasered by Sergeant Minrick after Plaintiff had gotten off of Defendant Hemmila.  Plaintiff complains that Lieutenant Yankovich falsified a critical incident report indicating that Plaintiff came out his cell and started throwing punches at Defendant

Hemmila.  Plaintiff claims that he was shot in the back with the taser once he no longer posed a threat.  Plaintiff claims that a video exists of this incident.

Plaintiff alleges that he was handcuffed, punched and kicked by officers Noah, Beesley, Niemi, Sholden, Hemmila, Naglee, Waltanen, Bessner, and Wartenen.  Plaintiff alleges that he was bleeding and sustained significant injuries to his rib, kidneys, and back.  Plaintiff was told that should teach him a lesson about putting his hands on an officer.  Plaintiff alleges that Dr. Chung Oh removed the taser dart from Plaintiff's back, but ignored Plaintiff's other injuries.  Plaintiff alleges that he was denied medical care during August, September, and October of 2013.  When Plaintiff grieved the incident, Defendant LaPlante issued Plaintiff a class II misconduct ticket for Interference with Administrative Rules.  Plaintiff alleges that this was issued as a cover-up and in retaliation for his grievance submission.

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of defendants in one action under certain circumstances:

> **(2)** *Defendants.*   Persons . . .may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in this action.

Thus "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  In *George,* the court severed unrelated claims:

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).  George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id.*

Where a plaintiff improperly joins claims and defendants, Federal Rule of Civil Procedure 21 provides that the court may "on just terms" either (1) add or drop parties or (2) sever the claims against the parties.  *Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015).  "To remedy misjoinder, . . . a court may not simply dismiss a suit altogether." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). "Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" *Id.* (citation omitted). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *Id.*  This court has severed unrelated claims in prisoner civil rights actions by dismissing the unrelated claims and parties without prejudice so that the plaintiff can file new causes of action in separate lawsuits.  *Alexander v. Fillion*, 2:15-cv-13, (ECF No. 95) (W.D. Mich. October 7, 2015); *Cary v. Robinson*, 13-cv-431,

(ECF No. 47) (W. D. Mich. Sept. 23, 2014), *Carney v. Treadeau*, 07-cv-83, (ECF No. 52) (W.D. Mich 2008).

       The court should be mindful of a party's ability to resubmit dismissed claims in new causes of action.  As Judge Neff pointed out in *Crawford v. Prison Health Services*, 1:12-cv-409 (ECF No. 46) (W.D. Mich. 2012):

> At least three judicial circuits have interpreted "on terms as are just" to mean without "gratuitous harm to the parties."  *Strandlund v. Hawley*, 532 F. 3d 741, 745 (8th Cir. 2008).  (quoting *Elmor v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)) see also *DirectTV, Inc.*, 467 F.3d at 845.  Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice.  *Strandland*, 532 F.3d at 746; *DirectTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

*Id.* at 5, PageID. 545.

       In reviewing Plaintiff's complaint it appears that Plaintiff is asserting continuing harassment, assaultive behavior, and retaliatory action, mainly arising from Defendant Hemmila's conduct.  The fact that nearly nine months passed between the two main incidents involving Defendant Hemmila (November 28, 2012, and August 15, 2013) is inconsequential. The incidents are factually similar and involve Defendant Hemmila as the main antagonist.  The fact that other Defendants were involved in the incidents does not make their conduct unrelated to Defendant Hemmila.  Moreover, Plaintiff's claims for lack of medical care arise out of the August 15, 2013, excessive force claim.  In the opinion of the undersigned, Defendants have failed to show that Plaintiff misjoined claims in his complaint.

       Therefore, it is recommended Defendants motions to dismiss based upon misjoinder of parties and claims (ECF No. 32 and ECF No. 37) be denied.  If the Court denies

- 5 -

Defendants' motions for misjoinder, it is further recommended that the Court deny Defendants'

motion to stay discovery (ECF No. 75) and grant Plaintiff's motion to compel Defendants to

answer Plaintiff's interrogatories, requests to admit, and request for production of documents

(ECF No. 72).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be

served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of

receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b);

W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further

right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*,

474 U.S. 140 (1985).

*/s/ Timothy P. Greeley*
_____
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  July 21, 2016