UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS D. MAYS,

    Plaintiff,

v.

KEVIN HAMMILA, et al.,

    Defendants.

Case No. 2:15-cv-154
HON. GORDON J. QUIST

_____/

## REPORT AND RECOMMENDATION

Plaintiff Marcus D. Mays filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against thirteen MDOC employees and health care personnel at Baraga Correctional Facility. One Defendant—Dr. Chung Oh—has moved for summary judgment pursuant to Fed. R. Civ. P. 56(a). (ECF No. 92.) Plaintiff has responded. (ECF No. 103.) Defendant Oh has replied. (ECF No. 110.) This matter is now ready for decision.[1]

Plaintiff asserts an Eighth Amendment claim against Defendant Oh that stems from alleged inadequate medical care following an altercation with prison guards.[2] Plaintiff alleges that, on August 23, 2013, he was handcuffed, tased, and assaulted by multiple correctional officers. As a result of the incident, Plaintiff claims that he suffered eye, lip, rib, kidney, and back injuries. Shortly thereafter, Plaintiff was examined by Defendant Oh and a registered nurse. Defendant Oh

---

[1] The remaining twelve defendants filed a Demand for Trial by Jury (ECF No. 108) and Notice of Affirmative Defenses (ECF No. 109).
[2] In his complaint, Plaintiff also appears to assert a due process claim under the Fourteenth Amendment against Defendant Oh. PageID.11-12. Defendant Oh argued that Plaintiff's due process claim is based on the same allegations as his Eighth Amendment claim and that the Eighth Amendment is the appropriate vehicle to assert these allegations. PageID.508. Plaintiff did not address his due process claim and there are no factual allegations that could be interpreted as a due process claim against Defendant Oh. Therefore, the undersigned determines that Plaintiff's only claim against Defendant Oh is an Eighth Amendment claim.

removed the taser probe from Plaintiff's back, checked Plaintiff's vital signs, and examined the cuts on Plaintiff's lip and eyelid. Defendant Oh instructed the nurse to clean the cuts and apply a topical antibiotic cream. According to his medical records, Plaintiff never made any complaints regarding his ribs, kidney, or back, on this date. Defendant Oh also noted Plaintiff's injuries in a Critical Incident Report.

On August 26, 2013, Plaintiff was seen by a nurse practitioner as part of his weekly assessment while housed in segregation. Plaintiff ignored the nurse practitioner and did not indicate that he was suffering from any rib, kidney, or back pain. Plaintiff later sent a medical kite in which he complained of back pain and being denied medical treatment on August 23. On August 28, 2013, Plaintiff was examined by a nurse in response to his medical kite. The nurse noted that Plaintiff's back was tender and that he appeared to be in pain when moving. However, the nurse did not notice any numbness, swelling, weakness, or discoloration. The nurse instructed Plaintiff to apply hot and cold compresses to his back. The nurse also instructed Plaintiff to continue taking his prescribed Tylenol to help with the pain.

On August 30, 2013, Plaintiff was again examined by a nurse practitioner. The nurse practitioner instructed Plaintiff to continue with the same treatment plan. Plaintiff was also told to limit his physical activity and to splint the area with a pillow when rising, sitting, and coughing. Plaintiff apparently requested x-rays to determine whether he had any fractured ribs. The nurse practitioner subsequently consulted with Defendant Oh regarding the x-ray request. Ultimately, the nurse practitioner and Defendant Oh determined that Plaintiff did not need any x-rays because (1) the treatment plan would remain the same even if Plaintiff had a fractured ribs, and (2) they did not want to expose Plaintiff to unnecessary radiation from the x-rays. Plaintiff was upset with this decision.

Over the next several months, Plaintiff continued to complain about the pain through medical kites. In response to the kites, nurses set up several "sick calls" with medical providers. However, Plaintiff often failed to show up at these appointments.[3] In addition, Plaintiff continued to receive weekly assessments from various health care personnel because he was still housed in segregation. Plaintiff was uncooperative during these assessments. When Plaintiff did show up for his appointments, the health care providers noted Plaintiff's pain but continued the same treatment plan. By November 2013, Plaintiff resumed attending recreation time in the prison yard. Plaintiff last complained about his rib and back injuries during a Chronic Care Visit on March 31, 2014. Based on his medical records, it appears that Defendant Oh did not provide any medical care to Plaintiff between August 2013 and February 10, 2015.[4] Plaintiff did not indicate any back or rib pain during that appointment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response

---

[3] Plaintiff alleges that he missed some of these appointments because Nurse Casper would not allow Plaintiff to go. Nurse Casper is also a defendant in this case but not part of this motion.
[4] It should be noted that Plaintiff had several appointments scheduled with Defendant Oh as the listed provider. However, Plaintiff did not show up to any of these appointments.

3

to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff asserts that Defendants Oh was deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. Specifically, Plaintiff claims that Defendant Oh did not treat his serious injuries on August 23, 2013, and that Defendant Oh falsified a Critical Incident Report. In his response brief, Plaintiff also states for the first time that he still suffers from "chronic back and rib pain, as well as chronic headaches." PageID.856.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). A prisoner's Eighth Amendment rights are violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial

4

risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; s*ee also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006). Moreover, "the question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Assuming Plaintiff's injuries amounted to a sufficiently serious harm, Plaintiff has failed to show that Defendant Oh acted with the requisite culpable state of mind to satisfy the

subjective prong of the deliberately indifferent test. Based on Plaintiff's medical records, it is evident that Plaintiff received adequate medical care from Defendant Oh. Defendant Oh saw Plaintiff shortly after the incident on August 23, 2013. It is undisputed that Defendant Oh removed the taser probe from Plaintiff's back and checked Plaintiff's vital signs. According to Defendant Oh's Affidavit and Plaintiff's medical records, Defendant Oh evaluated the cuts on Plaintiff's face and instructed the nurse to clean them. The cuts did not require stiches and were fully healed by September 16, 2013. Moreover, the medical records show that Plaintiff never indicated that he was suffering any back, rib, or kidney pain until several days later. Although Plaintiff claims that Defendant Oh falsified the August 23 Critical Incident Report, Defendant Oh's report is consistent with his other medical records. The report noted both the taser probe and the cuts on his face. Because Plaintiff did not complain about any other injuries until several days later, Defendant Oh could not have included the injuries on the Critical Incident Report that was created on August 23.

Even assuming that Defendant Oh refused to treat all of Plaintiff's injuries on August 23, 2014, Plaintiff cannot argue that he suffered a complete denial of medical care. As soon as health care personnel became aware of his pain through a medical kite, a medical appointment was scheduled. Plaintiff was subsequently examined, and a nurse—after consulting Defendant Oh—created a treatment plan. The treatment plan consisted of limited physical activity, hot/cold compresses, Tylenol to reduce the pain, and using a pillow as a splint for certain activities. Plaintiff apparently disagreed with this treatment plan and requested x-rays. However, Defendant Oh and another nurse determined that x-rays were unnecessary because it would not change the recommended treatment plan. The two trained medical professionals also did not want to subject Plaintiff to unnecessary excess radiation from the x-ray. In the opinion of the undersigned,

Defendant Oh made a reasonable medical decision to not order x-rays and this decision does not amount to an Eighth Amendment violation.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Finally, Plaintiff's claim that he still suffers from chronic headaches and rib and back pain is not supported by his medical records.  Over the past several years, Plaintiff has had numerous medical appointments for various medical issues; however, he has not complained of any rib, back, or kidney injuries that were a result of the August 23, 2013 altercation.  Therefore, in the opinion of the undersigned, Defendant Oh has met his burden of showing that he is entitled to judgement as a matter of law.

Accordingly, it is recommended that Defendant Oh's motion for summary judgment (ECF No. 92) be granted.  Therefore, Defendant Oh should be dismissed from this case.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  May 9, 2017

                                     /s/ Timothy P. Greeley
                                    TIMOTHY P. GREELEY
                                    UNITED STATES MAGISTRATE JUDGE