UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS D. MAYS #218101,

    Plaintiff,

v.                                                                   Case No. 2:15-CV-154

KEVIN HEMMILA, et al.,                        HON. GORDON J. QUIST

    Defendants.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**

On May 9, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendant Oh's motion for summary judgment. (ECF No. 125.) Plaintiff timely objected. (ECF No. 127.) Defendant filed a response to the objection. (ECF No. 130.) Upon receiving objections to a Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R & R, the parties' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part.

In his verified complaint, Plaintiff claims that he was subjected to excessive force by a number of prison guards, including an incident occurring on August 23, 2013, in which Plaintiff was badly beaten and shot with a Taser. After being Tased, "Plaintiff was dragged over to 2 block segregation while bleeding profusely from serious eye, lip cuts from being beaten, Plaintiffs [sic] top right lip was cut wide open, Plaintiffs [sic] upper right eye was split wide open." (ECF No. 1 at PageID.7.)

Plaintiff appears to make two claims for deliberate indifference against Defendant Dr. Chung Oh. First, Plaintiff alleges that Defendant violated the Eighth Amendment by failing to treat Plaintiff's injures following the August 23 confrontation with the guards when Defendant "removed [the] taser dart lodged in Plaintiffs back and totally ignored all of Plaintiffs [sic] serious injuries to his lip, eye, rib and kidney." (*Id.*) Second, Plaintiff alleges that, on August 28, 2013, Defendant "refused to treat Plaintiffs serious injuries after repeated complaints of pain in the ribs which had been injured" after "Plaintiff submitted a medical kite requesting medical treatment and was called out by RN Sergel Casper." (*Id.* at PageID.9.)

A claim for deliberate indifference under the Eighth Amendment requires proof of objective and subjective components. A plaintiff "can satisfy the objective component by showing that, 'absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm.'" *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016) (quoting *Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x. 354, 361 (6th Cir. 2013)). To satisfy the subjective component, a plaintiff must "show that (1) 'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk.'" *Id.* (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

The magistrate judge determined that Defendant was entitled to summary judgment on the Eighth Amendment claim because the medical records and Defendant's affidavit made it "evident that Plaintiff received adequate medical care from Defendant Oh." (ECF No. 125 at PageID.973.) Defendant's affidavit claims that upon Plaintiff's arrival to the medical unit, Defendant removed Taser probes from Plaintiff's back, took his vital signs, and ordered a nurse to clean cuts on Plaintiff's face and body. (ECF No. 92-3 at PageID.526-27.)

Plaintiff objects and essentially argues that his verified complaint creates an issue of fact on deliberate indifference because "[n]o vital signs were taken, no topical antibiotic was applied, nothing was done for the gashes on his lip and eye or for his serious back, rib and kidney injuries, and they didn't even wipe the blood off of his face." (ECF No. 127 at PageID.983.) He also alleges that Defendant falsified various medical reports. (*Id*.) A "'verified complaint satisfies the burden of the nonmovant to respond' to a motion for summary judgment, unlike 'mere allegations or denials' in unverified pleadings." *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999) (en banc)).

Defendant argues that "Plaintiff's self-serving statements, including his unsupported contention that Dr. Oh falsified his medical records, simply cannot overcome contemporaneously prepared, objective medical records to the contrary." (ECF No. 130 at PageID.994-95.)

*August 23 Treatment*

Generally, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510 (1986) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). This exception from *Scott* "applies not only when there is videotape evidence, but whenever the nonmoving party's version is 'so blatantly contradicted by objective evidence in the record that it fails to create a genuine issue of material fact for trial.'" *Booher ex rel. T.W. v. Montavon*, 555 F.

App'x 479, 484 (6th Cir. 2014) (quoting *Coble v. City of White House.*, 634 F.3d 865, 869 (6th Cir. 2011)).

Defendant has failed to come forward with sufficiently "objective" evidence that blatantly contradicts Plaintiff's account of events. Such evidence must "speak for itself." *Oliver v. Greene*, 613 F. App'x 455, 457 (6th Cir. 2015) (noting that "deposition testimony, affidavits, and prison records" do not qualify as evidence that speaks for itself). Defendant's affidavit and Plaintiff's medical records amount to contradictory sides of the story.

Taking the claims in the verified complaint as true, the Court concludes that Plaintiff has satisfied these objective and subjective components of the deliberate indifference claim. Minor cuts, scrapes, and bruises do not rise to the level of an objectively serious medical condition. *See, e.g., Lockett v. Surardini*, 526 F.3d 866, 876 (6th Cir. 2008). But cuts on the face that cause "profuse bleeding" could reasonably be found to amount to a serious medical condition. The verified complaint also sets forth sufficient facts for a jury to conclude that Plaintiff satisfies the subjective component: if Defendant was close enough to remove the Taser probe, he must have been close enough to subjectively perceive and then ignore Plaintiff's other injuries.

Plaintiff's objection will be sustained as to this claim.

*August 28 Treatment*

While a verified complaint can satisfy Plaintiff's burden at summary judgment, "Federal Rule of Civil Procedure 56(c)(4) 'limits the matter to be properly included in an affidavit to facts, and the facts introduced must be alleged on personal knowledge. Thus, ... statements made on belief or on information and belief, cannot be utilized on a summary-judgment motion.'" *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (quoting 10B Wright, Miller & Kane, Federal Practice and Procedure § 2738, at 345–46, 350–54). Plaintiff has not provided any basis to establish

that he has personal knowledge that Defendant ignored his requests for medical treatment on August 28. The complaint mentions that Plaintiff was "called out by RN Sergel Casper" but says nothing of any interaction with Defendant or knowledge of his decisions that day. (ECF No. 1 at PageID.9.)

Plaintiff's objection will be overruled as to this claim. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 125) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 92) is **GRANTED IN PART AND DENIED IN PART**. The motion is **denied** as to Plaintiff's claims arising out of his treatment on August 23, 2013, and **granted** as to Plaintiff's claims arising out of his treatment on August 28, 2013.

Dated: July 13, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE