UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS D. MAYS,

        Plaintiff,

v.

        Case No. 2:15-CV-154
        HON. GORDON J. QUIST

KEVIN HEMMILA, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint against Defendants alleging claims under 42 U.S.C. § 1983. Plaintiff alleged violations of his rights under the First and Eighth Amendments. In particular, Plaintiff sued Defendant Dr. Chung Oh, alleging that on August 23, 2013, Dr. Oh and other medical providers failed to treat Plaintiff's serious injuries to his lip, eye, rib, kidney, and back. On September 9, 2016, Dr. Oh filed a motion for summary judgment, supported by his affidavit, Plaintiff's medical records, and a Critical Incident Report. (ECF No. 92.) On May 9, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation recommending that this Court grant Dr. Oh's motion for summary judgment. (ECF No. 125.) Plaintiff objected to the May 9, 2017, Report and Recommendation. In an Order entered on July 13, 2017, the Court adopted the Report and Recommendation in part, concluding that Plaintiff failed to present sufficient evidence to create a genuine issue of fact as to his claim against Dr. Oh for denial of medical care on August 28, 2013. (ECF No. 134 at PageID.1093–94.) However, the Court concluded that Plaintiff's allegations in his verified complaint sufficed to create an issue of fact as to whether Dr. Oh was deliberately indifferent to Plaintiff's serious medical needs on August 23, 2013. (*Id.* at PageID.1092–93.)

Defense counsel deposed Plaintiff on April 12, 2018, and, thereafter, Dr. Oh and Defendants Beesley, Bessner, Casper, Hemmila, Hulkoff, LaPlante, Minerick, Nagele, Niemi, Sohlden,

Waltanen, and Wertanen (MDOC Defendants) filed motions for summary judgment. On February 12, 2019, Magistrate Judge Greeley[1] issued a Report and Recommendation recommending that the Court grant the MDOC Defendants' motion for summary judgment in part as to Defendants Minerick and LaPlante and deny it as to the remaining claims and Defendants. (ECF No. 193 at PageID.1923.) Magistrate Judge Greeley further recommended that the Court deny Defendant Oh's motion for summary judgment because "there is still a question of fact as to whether the cuts on Plaintiff's face amount to a serious medical condition." (*Id.* at PageID.1922, 1923.)

Dr. Oh has filed Objections to the February 12, 2019, Report and Recommendation, arguing that Plaintiff's testimony shows that there is no genuine issue of material fact that Plaintiff's injuries were not sufficiently serious to support an Eighth Amendment claim.

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the Report and Recommendation, Dr. Oh's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Dr. Oh argues that Plaintiff's deposition testimony shows that his alleged rib and back injuries were not serious. (ECF No. 194 at PageID.1926.) Dr. Oh further argues that with regard to Plaintiff's alleged lip and eye cuts, Plaintiff's admissions show that those injuries were not serious, in spite of Plaintiff's claim that he was "bleeding profusely." Dr. Oh points out that Plaintiff admitted that he was in the exam room for less than five minutes and that by the time he got back to his cell, the bleeding had stopped. (*Id.* at PageID.1927.) Thus, Dr. Oh contends, Plaintiff's admissions show that his injuries were not sufficiently serious to support an Eighth Amendment claim.

---

[1] Magistrate Judge Greeley recently retired on March 14, 2019.

Initially, to be clear, in its July 13, 2017 Order adopting in part the prior Report and Recommendation, the Court made clear that a genuine issue of fact remained only as to the alleged cuts on Plaintiff's face. (ECF No. 134 at PageID.1093.) The magistrate judge recognized this in his Report and Recommendation. (ECF No. 193 at PageID.1922.) Thus, the Court has already concluded that Plaintiff cannot rely on the alleged rib and back injuries to support his Eighth Amendment claim.

As for the cuts on Plaintiff's face, Plaintiff testified in his deposition that "[m]y eye was split open kind of bad and, like I way, I still got a scar on my lip right now." (ECF No. 165-1 at PageID.1643.) Plaintiff further testified that he was "bloody as hell," and that the officers threw his "bloody T-shirt in the garbage." (*Id.* at PageID.1630–31.) Although Dr. Oh presents persuasive arguments as to why Plaintiff's cuts were not serious, in the Court's judgment, the magistrate judge properly concluded that an issue of fact remains for the jury.

Therefore,

**IT IS HEREBY ORDERED** that the February 12, 2019, Report and Recommendation (ECF No. 193) is **ADOPTED** as the Opinion of this Court. Dr. Oh's Objection (ECF No. 194) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the MDOC Defendants' Motion for Summary Judgment (ECF No. 166) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** as to Plaintiff's claims against Defendants Minerick and LaPlante and **denied** in all other respects.

**IT IS FURTHER ORDERED** that Defendant Oh's Motion for Summary Judgment (ECF No. 165) is **DENIED**.

Dated: March 28, 2019
/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE